Argued and submitted May 27, affirmed July 27, 1994

## STATE OF OREGON,
*Respondent,*

*v.*

## JOHN S. WAHSISE,
*Appellant.*

(CR2-0588-34; CA A78866)

878 P2d 1119

Alan H. Biedermann, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant appeals his conviction for driving under the influence of intoxicants. ORS 813.010. We affirm.

Defendant assigns error to the denial of his motion to suppress answers given to four questions posed by a police officer during field sobriety tests.[1] After the officer advised defendant of his *Miranda* rights and of the requirement to perform the sobriety tests, defendant agreed to take the tests. After defendant had performed the "finger count test," the officer asked defendant how he thought that he had done, and defendant stated that he "[m]issed finger, missed counting." After the alphabet test, defendant responded to the officer's inquiry, stating that he had "messed up" on the test. In response to being asked how he did on counting backward from 100 to 77, defendant stated that he "missed a couple of numbers." He also answered that he did not perform the "one-leg stand test" very well.

Defendant argues that the court erred in allowing the officer to testify as to those answers. He contends that the questions were not part of the sobriety tests but were questions likely to elicit an incriminating testimonial response, because they required defendant to evaluate his performance on the tests. He argues that his answers were incriminating and, thus, were compelled, in violation of his rights under the Oregon and federal constitutions not to be a witness against himself.

The state does not dispute that the statements were testimonial and agrees that defendant correctly sets out the applicable case law. *See State v. Whitehead*, 121 Or App 619, 855 P2d 1149 (1993); *State v. Harrison*, 119 Or App 391, 851 P2d 611 (1993); *State v. Lawrence*, 117 Or App 99, 843 P2d 488 (1992), *rev allowed* 316 Or 142 (1993); *State v. Scott*, 111 Or App 308, 826 P2d 71 (1992). However, the state argues that the court did not err in admitting the statements. It argues that, although the court did not make specific factual findings that defendant understood that the questions were

---

[1] The trial court suppressed defendant's answers to the officer's questions as to how much defendant had drunk, where he had been drinking, when he had had his last drink and how he would rate himself as to his level of intoxication on a scale from one to ten.

not field sobriety tests and that he was not required to answer, it may be assumed that the trial court implicitly so found when it held that defendant's answers were not coerced.

We do not agree with the state that its interpretation may be derived from the court's order here. In the analogous situation in *State v. Whitehead, supra,* 121 Or App at 623, we reversed and remanded for the court to determine the admissibility of the defendant's statements by considering the circumstances in which the statements were made to determine whether they were compelled. However, that result is not required in this instance, because we agree with the state that admitting the officer's testimony here was harmless error.

Defendant argues that the error was not harmless, because evidence of his guilt was not overwhelming. There was no Intoxilyzer evidence. Defendant produced a witness who testified that she had been with defendant all day and was a passenger in his car and, in her opinion, defendant was not intoxicated. Defendant testified, denying that he was under the influence of intoxicants and offering explanations to account for his appearance and for his performance on the tests.

However, defendant's defense was predicated, in part, on the very fact that he recognized that he had performed poorly on the sobriety tests and that that recognition showed that he was not intoxicated. Defendant admitted that he had not done well on the tests when his counsel inquired about his performance. His counsel argued to the jury that "defendant made some mistakes, he knew that at the time, he described the mistakes to the officer. And that I think would indicate that he was pretty sober." The officer's testimony was cumulative of defendant's testimony and consistent with his defense. Defendant did not argue to the trial court that he testified only because the court had ruled that the statements were going to be admitted, and that, therefore, he had to respond to that evidence. Nor did he explain how, if the statements had not been admitted, his testimony would have been different. The testimony was not likely to have affected the result of the case.

Affirmed.